**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**United States of America**</u>

    v.                                  **Case No. 16-cr-75-1-PB**

<u>**Andrew Dufresne**</u>

<u>**AMENDED SENTENCE**</u>

The court enters the following amended sentence in this case:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Andrew Dufresne, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time served as of October 15, 2020 on Count 1.

Upon release from imprisonment, in light of the defendant's compassionate release, and pursuant 18 U.S.C. §3582(c)(1)(A), the defendant shall be placed on a term of special supervised release until August 16, 2023.  Following this term of special supervised release, the defendant shall be placed on supervised release for a term of three years.

During the special supervised release period, Dufresne shall abide by all of his originally imposed supervised release conditions.  In addition:

1) During the first twelve months of the special supervised release period, Dufresne shall reside at a residential reentry center.

2) For the remaining portion of the special supervised release period, Dufresne shall reside at and abide by all rules of the Able House, a recovery home in Springfield, Massachusetts, or an alternate facility approved by his probation officer.

Following the completion of the special supervised release period, Dufresne shall be subject to his original three-year supervised release term.  While on supervision following his term of special supervised release, the defendant must comply with the standard conditions that have been adopted by this court, and must comply with the following mandatory and special conditions:

1) The defendant must not commit another federal, state, or local crime.

2) The defendant must not unlawfully possess a controlled substance.

3) The defendant must refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter, as determined by the court.

4) The defendant must cooperate in the collection of DNA as directed by the probation officer.

5) The defendant must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program.  The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.).  The defendant must pay for the cost of treatment to the extent he is able, as determined by the probation officer.

6) The defendant must not use or possess any controlled substances without a valid prescription.  If the defendant does have a valid prescription, he must disclose the prescription information to the probation officer and follow the instructions on the prescription.

7) The defendant must submit to substance abuse testing to determine if he has used a prohibited substance.  The defendant shall pay for the cost of testing to the extent he is able, as determined by the probation officer.  The defendant must not attempt to obstruct or tamper with the testing methods.

8) The defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any

psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

9) The defendant must not go to, or remain at, any place where he knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

10) The defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

## **SPECIAL ASSESSMENT**

It is ordered that the defendant shall pay to the United States a special assessment of $100. It shall be due in full immediately.

## **FINE**

The court shall waive the fine in this case, as the defendant does not appear to have the financial ability to pay one.

## **RESTITUTION**

The defendant must make restitution to the following payee:

> People's United Bank     $1,500.00
> 1750 Elm Street
> Manchester, NH 03104

The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the restitution.

Payments toward the criminal monetary penalties are ordered to begin immediately. Within thirty days of the commencement of supervision, payments shall be made in equal monthly installments of $50 during the period of supervision, and thereafter. Upon commencement of supervision, the probation officer shall review the defendant's financial circumstances and, if necessary, recommend a revised payment schedule on any outstanding balance for approval by the court.

Case 1:16-cr-00075-PB   Document 32   Filed 10/13/20   Page 6 of 6

SO ORDERED.

          /s/ Paul J. Barbadoro
          Paul J. Barbadoro
          United States District Judge

October 13, 2020

cc:   Charles L. Rombeau, Esq.
      Helen W. Fitzgibbon, Esq.
      Michael T. McCormack, Esq.
      Jeffrey S. Levin, Esq.
      U.S. Marshal
      U.S. Probation